United States District Court
Southern District of Texas
**ENTERED**
September 02, 2022
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CALEB AARON CHAPMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:22-CV-00134 |
| | § | |
| CONNIE McELWAIN, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Caleb Aaron Chapman, a pretrial detainee appearing *pro se* and *in forma pauperis*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff's case is subject to screening pursuant to the Prison Litigation Reform Act.  *See* 42 U.S.C. § 1997e(c);[1] 28 U.S.C. §§1915(e)(2), 1915A.

For purposes of screening and pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), the undersigned recommends that: (1) Plaintiff's claims seeking monetary and injunctive relief against 156th District Court Judge Johnson in his individual and official capacities be **DISMISSED with prejudice** because he is entitled to absolute judicial immunity with respect to such claims; and (2) Plaintiff's claims against Bee County Adult Probation Officer Connie McElwain in her individual and official capacities be **DISMISSED with prejudice** as frivolous and/or for failure to state a claim upon which relief may be granted.  The undersigned further

---

[1] Under this provision, "[i]n the event that a claim is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies."  42 U.S.C. § 1997e(c)(2).

recommends that the dismissal of this case counts as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).[2]

### A. Jurisdiction.

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.  This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

### B. Procedural background and Plaintiff's allegations.

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID), and is presently housed at the Kyle Unit in Kyle, Texas.  Plaintiff's allegations in this action reference events that occurred while he was confined at the Bee County Jail, which is located in the Southern District of Texas.

On May 16, 2022, Plaintiff filed a different prisoner civil rights complaint, against a Bee County jail medical provider, a Bee County jail nurse, and the Bee County Jail itself.  *See Chapman v. Bee County Medical Provider, et al.*, Southern District of Texas Case No. 2:22-cv-117 ("*Chapman I*").  Plaintiff subsequently filed an amended complaint in *Chapman I*, naming the following defendants: (1) Mercedita Flynn, a family nurse practitioner (FNP Flynn); (2) Nurse Joyce; (3) Captain Freddie Bullock (Bullock); and (4) Sheriff Anson Southmade (Southmade).  *See id*.

In *Chapman I*, Plaintiff claimed that he was subjected to discrimination when: (1) he was denied a non-narcotic opiate blocker called named Vivitrol/Naltrexone to help treat his opioid

---

[2]  Plaintiff is **WARNED** that if he accumulates three strikes, he will not be allowed to proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious injury.  *See* 28 U.S.C. § 1915(g).

addiction; and (2) another inmate named Abraham Anzoldua was provided with a narcotic medication called "Sybovin."  *See id*.  Plaintiff further claimed that FNP Flynn and Nurse Joyce acted with deliberate indifference to his serious medical needs and that Bullock and Southmade failed to resolve Plaintiff's grievances in his favor.  *Id.*

Upon the filing of Plaintiff's Original Complaint in this action, the Clerk of the Court listed the following defendants on the docket sheet: (1) "Bee County Adult Probation;" and (2) the "Bee County District Judges Office."  In this action, Plaintiff alleges that Connie McElwain from Bee County Adult Probation and 156th District Court Judge Joel Johnson[3] "retaliated" against Plaintiff for filing *Chapman I* by causing him to be sent to a Substance Abuse Felony Punishment (SAFP) facility.  Plaintiff apparently believed that his being sent to the SAFP facility was retaliation because the SAFP facility does not prescribe the medication that Plaintiff asserts he needs for his brain.  (Doc. No. 1, pp. 3-4.)  Plaintiff does not specify the relief he seeks in his Original Complaint in this case.

On July 28, 2022, the undersigned directed the Clerk of the Court to substitute: (1) Bee County Adult Probation Officer Connie McElwain (Probation Officer McElwain) as a defendant in place of Bee County Adult Probation; and (2) 156th District Court Judge Johnson (Judge Johnson) as a defendant in place of the Bee County District Judges Office.  (Doc. No. 11, p. 2.) The undersigned further ordered Plaintiff to file an amended complaint and present his claims in greater detail against Probation Officer McElwain and Judge Johnson (collectively "Defendants").  *Id.* at 2-3.

---

[3]  Presumably, Plaintiff is referring to the Honorable Joel B. Johnson, who has served as Senior Judge of the 156th Judicial District, although Plaintiff does not so specify.

In response to the Court's instruction, Plaintiff has now filed an Amended Complaint against Defendants in their individual and official capacities.  (Doc. No. 13.)  Plaintiff's Amended Complaint is now the operative pleading in this case.  Plaintiff indicates in his Amended Complaint that he has been convicted four times on charges related to opioids or heroin.  (Doc. No. 13, p. 7.)  Attached to his Amended Complaint are two pages of an affidavit by Probation Officer McElwain, dated April 5, 2022, setting forth Plaintiff's various alleged violations of his community supervision.  *Id.* at 7-8.  According to Probation Officer McElwain's affidavit, Plaintiff committed several violations from 2020 through 2022, including possession of a controlled substance, possession of marijuana, failure to report to his "Supervision Officer," failure to notify the Supervision Department of a change of address in a timely manner, failure to submit to a random urinalysis, failure to pay various fees and fines, and failure to attend Alcoholics/Narcotics Anonymous meetings.  *Id.*

In *Chapman I*, Plaintiff alleged the following pertinent facts: (1) on February 1, 2022, Dr. Ahoronov prescribed him a non-narcotic medication named Vivitrol/Naltrexone to treat his opioid cravings; (2) Dr. Ahoronov directed Plaintiff to take this medication "all his life" to treat his "opioid disorder/disease," unless his liver became affected; and (3) on May 4, 2022, Plaintiff was taken into custody at the Bee County Jail.  *See Chapman*, No. 2:22-cv-117.  In the Amended Complaint filed in this action, Plaintiff provides the following chronology of events that allegedly occurred after he was taken into custody:

- On May 24, 2022, Plaintiff first informed Probation Officer McElwain about Dr. Ahoronov's prescribed treatment for his opioid addiction disease.

- On May 26, 2022, Probation Officer McElwain told Plaintiff that the SAFP facility does not give Plaintiff's medication but that he would be sent there anyway.

- On June 8, 2022, Plaintiff's attorney, Eric Flores, received an email which informed him about Plaintiff's prescribed treatment.

- On June 9, 2022, Plaintiff appeared in court before Judge Johnson.  Attorney Flores presented Plaintiff's medical records to Judge Johnson, thus making him aware of Plaintiff's prescribed treatment.  The district attorney advised Judge Johnson that it had no evidence to support the allegations set forth in Probation Officer McElwain's affidavit relating to possession of controlled substances and marijuana as well as failure to report a change of address in a timely manner.  Judge Johnson nevertheless used these allegations to punish Plaintiff by sending him to the SAFP facility which does not give Plaintiff's prescribed treatment medication.

(Doc. No. 13, pp. 4-5.)

According to Plaintiff, Probation Officer McElwain and Judge Johnson knew at the time of the June 9 court hearing about Plaintiff's opiate addition disease as well as Plaintiff's being treated by Dr. Ahoronov with "specialized treatment medication."  *Id.* at 5.  Despite knowing about Plaintiff's "reckless opiate history in [his] criminal past," and the importance of taking his "life-saving medication," Plaintiff claims, Judge Johnson nevertheless ordered Plaintiff to the SAFP facility without his medication.  *Id.*

## C. *Legal standard.*

When a prisoner seeks to proceed *in forma pauperis*, the court shall evaluate the complaint and dismiss it without service of process if the court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A; *see* 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis* complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant).  A claim is frivolous if it has no arguable

basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim has no arguable

basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint

alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d

1003, 1005 (5th Cir. 1998) (citing *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)).

A claim has no arguable basis in fact if, "after providing the plaintiff the opportunity to present

additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley*, 138 F.3d

211, 213 (5th Cir. 1998) (citing *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)).

"In analyzing the complaint, [the court] will accept all well-pleaded facts as true, viewing

them in the light most favorable to the plaintiff." *Jones v. Greninger*, 188 F.3d 322, 324 (5th

Cir. 1999) (*per curiam*) (citations omitted). "The issue is not whether the plaintiff will

ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, "the

court should not dismiss the claim unless the plaintiff would not be entitled to relief under any

set of facts or any possible theory that he could prove consistent with the allegations in the

complaint." *Id.* (citing *Vander Zee v. Reno*, 73 F.3d 1365, 1368 (5th Cir. 1996)). "Threadbare

recitals of the elements of a cause of action, supported by mere conclusory statements, do not

suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must allege sufficient facts in

support of its legal conclusions that give rise to a reasonable inference that the defendant is liable

for the misconduct alleged. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556

(2007)). The factual allegations must raise the plaintiff's claim for relief above the level of mere

speculation. *Twombly*, 550 U.S. at 555. As long as the complaint, taken as a whole, gives rise to

a plausible inference of actionable conduct, the plaintiff's claim should not be dismissed. *Id.*

Furthermore, as Plaintiff proceeds *pro se*, the Court construes his complaint liberally in his favor.

*See Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law.  *Nelson v. Campbell*, 541 U.S. 637, 643 (2004).  To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution and laws of the United States.  42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988).  A defendant acts under color of state law if he misuses or abuses official power and if there is a nexus between the victim, the improper conduct, and the defendant's performance of official duties.  *Townsend v. Moya*, 291 F.3d 859, 861 (5th Cir. 2002) (*per curiam*).

### D.  Discussion.

#### 1.  Plaintiff's claims against Judge Johnson are barred by judicial immunity.

Plaintiff claims that Judge Johnson violated his Fourth and Eighth Amendment rights by placing him in SAFP facility with the knowledge that he will not receive his prescribed medication at that facility.  (Doc. No. 13, pp. 3-6.)  Plaintiff further claims that Judge Johnson retaliated against him with regard to this placement.  *Id.* at 3.

Before addressing Plaintiff's substantive claims, the Court "must resolve any questions regarding absolute immunity . . . ."  *Hunter v. City of Beaumont*, 867 F. Supp. 496, 498 (E.D. Tex. 1994) (citing *Mitchell v. Forsyth*, 472 U.S. 511 (1985) (absolute immunity is a threshold question)).  "Judges enjoy absolute judicial immunity for judicial acts performed in judicial proceedings."  *Hobbs v. United States*, 73 F. App'x 54, 55 (5th Cir. 2003) (*per curiam*) (citing *Mays v. Sudderth*, 97 F.3d 107, 110-11 (5th Cir. 1996)); *Boyd v. Biggers*, 31 F.3d 279, 284 (5th

Cir. 1994) ("Judicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial functions.").

Section 1983 also provides absolute judicial immunity to judicial officers against claims for injunctive relief. *See* 42 U.S.C. § 1983 ("in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable"). Thus, the doctrine of absolute judicial immunity protects judges not only from liability, but also from suit. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). "[J]udicial immunity cannot be overcome even by allegations of bad faith or malice; judicial immunity 'applies even when the judge is accused of acting maliciously and corruptly.'" *Ceasar v. Methvin*, No. CV 6:17-0476, 2017 WL 2486373, at *2 (W.D. La. Apr. 21, 2017), *adopted*, 2017 WL 2509655 (W.D. La. June 8, 2017) (citing *Mireles*, 502 U.S. at 11).

There are only two circumstances under which judicial immunity can be pierced: "(1) 'a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity'; and (2) 'a judge is not immune from actions, though judicial in nature, taken in the complete absence of all jurisdiction.'" *Bowling v. Roach*, 816 F. App'x 901, 906 (5th Cir. 2020), *cert. denied*, __ U.S. __, 141 S. Ct. 2466 (2021) (quoting *Mireles*, 502 U.S. at 11-12). A judge's acts are judicial in nature if they are "'normally performed by a judge' and the parties affected 'dealt with the judge in his judicial capacity.'" *Boyd*, 31 F.3d at 285 (citing *Mireles*, 502 U.S. at 11).

Here, Plaintiff cannot surmount the hurdle of absolute immunity. Plaintiff complains about Judge Johnson's decision to place him in a SAFP facility. "A [Texas] trial judge may … require a defendant to serve a term of confinement and treatment in a [SAFP] facility operated by

the [TDCJ] under section 493.009 of the Texas Government Code as a condition of supervision."
*Jimenez v. State*, No. 07-16-00104-CR, 2016 WL 4259405, at *3 (Tex. App. - Amarillo Aug. 9,
2016, no pet.) (Pirtle, J., concurring) (mem. op., not designated for publication) (citing Tex.
Code Crim. Proc. Ann. art. 42A.303(a) (West Supp. 2015)); *see also Neal v. Texas*, No.
4:19cv859, 2020 WL 5262529, at *1 n.1 (E.D. Tex. July 30, 2020) ("Offenders are sentenced to
a SAFPF by a judge as a condition of community supervision in lieu of prison/state jail ….."),
*adopted*, 2020 WL 5258336 (E.D. Tex. Sept. 3, 2020).

Judge Johnson's act of placing Plaintiff in an SAFP facility was judicial in nature as it
was undertaken in the course of his exercise of his judicial function.  Moreover, Plaintiff does
not contend that Judge Johnson's action was non-judicial in nature.  Additionally, Plaintiff's
allegations indicate that Judge Johnson's action in placing him in a SAFP facility was within his
jurisdictional powers, and not in the "clear absence of all jurisdiction."  *See Stump v. Sparkman*,
435 U.S. 349, 349-350 (1978).  Because there was no "clear absence of all jurisdiction" in
connection with Judge Johnson's actions, Judge Johnson is entitled to absolute immunity with
respect to Plaintiff's claims seeking monetary and injunctive relief against him in his individual
and official capacities.[4]  Because absolute immunity exists, the Court only addresses Plaintiff's
remaining claims against Probation Officer McElwain.

---

[4]  Plaintiff did not specify what form of injunctive relief he seeks in this case.  Common sense suggests that Plaintiff
seeks relief in the form of providing him with his prescribed medication or sending him to a facility that allows him
to take the medication.  However, even if the doctrine of absolute judicial immunity did not bar his claims for
injunctive relief, Plaintiff's claims seeking injunctive relief against Judge Johnson fail for another reason: Plaintiff is
not entitled to such injunctive relief against Judge Johnson because federal courts have no authority to direct state
courts or their judicial officers in the performance of their duties.  *LaBranche v. Becnel*, 559 F. App'x 290, 290 (5th
Cir. 2014) (*per curiam*) (citing *Moye v. Clerk, DeKalb Cnty. Super. Ct.*, 474 F.2d 1275, 1276 (5th Cir. 1973)).

### 2. *Plaintiff fails to allege viable claims against Probation Officer McElwain.*

#### a. *Plaintiff has not stated a deliberate indifference against Probation Officer McElwain; therefore, this claim should be dismissed.*

At the outset, it is unclear whether Plaintiff was confined at the Bee County Jail as a pretrial or post-trial detainee at the time the events of this action occurred.  Plaintiff's two-page attachment to his Amended Complaint indicates that he was taken into custody as a result of alleged violations of community supervision.  (Doc. No. 13, pp. 7-8.)  Plaintiff further acknowledges that he has a history of being convicted on charges of substance abuse.  *Id.*

Regardless of whether Plaintiff is deemed to be a pretrial or post-trial detainee, the Fifth Circuit Court of Appeals has held that "the State owes the same duty under the Due Process Clause and the Eighth Amendment to provide both pretrial detainees and convicted inmates with basic human needs, including medical care and protection from harm, during their confinement." *Hare v. City of Corinth*, 74 F.3d 633, 650 (5th Cir. 1996).  Following *Hare*, the Fifth Circuit further explained that "[w]hen the alleged unconstitutional conduct involves an episodic act or omission, the question is whether the state official acted with deliberate indifference to the inmate's constitutional rights, regardless of whether the individual is a pretrial detainee or state inmate." *Gibbs v. Grimmette*, 254 F.3d 545, 548 (5th Cir. 2001).

An Eighth Amendment violation occurs when a prison official is deliberately indifferent to an inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  Generally, acts committed with "deliberate indifference" in violation of the Eighth Amendment have both an objective component and a subjective component. *Id.* at 839.  Under the objective prong, the inmate "must first prove objective exposure to a substantial risk of serious harm." *Trevino v. Livingston*, No. 3:14-CV-52, 2017 WL 1013089, at *3 (S.D. Tex. Mar. 13, 2017) (Hanks, J.) (citing *Gobert v. Caldwell*, 463 F.3d 339, 345-46 (5th Cir. 2006)).  To prove the subjective prong

of the deliberate indifference test, the inmate "must establish that the defendants were aware of an excessive [or substantial] risk to the plaintiff's health or safety, and yet consciously disregarded the risk." *Cook v. Crow*, No. 1:20-CV-85, 2021 WL 6206795, at *3 (E.D. Tex. July 26, 2021) (citing *Farmer*, 511 U.S. at 840-41 and *Calhoun v. Hargrove*, 312 F.3d 730, 734 (5th Cir. 2002)).

"Deliberate indifference is an extremely high standard to meet." *Domino v. Texas Dep't of Crim. Just.*, 239 F.3d 752, 756 (5th Cir. 2001). The Fifth Circuit has "consistently recognized … that 'deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm.'" *Dyer v. Houston*, 964 F.3d 374, 381 (5th Cir. 2020) (quoting *Thompson v. Upshur Cnty., Tex.*, 245 F.3d 447, 458-59 (5th Cir. 2001)); *see also Aguirre v. City of San Antonio*, 995 F.3d 395, 420 (5th Cir. 2021) ("Negligence or even gross negligence is not enough: the officials must have had actual knowledge of the substantial risk."). The Supreme Court further explains that "an official's failure to alleviate a significant risk that he should have perceived but did not" falls short of constituting deliberate indifference. *Farmer*, 511 U.S. at 838.

Liberally construed, Plaintiff claims that Probation Officer McElwain acted with deliberate indifference to his serious medical needs in connection with Plaintiff's placement in a SAFP facility, which would not be able to provide him with his prescribed medication to treat his opioid addition disease. (Doc. No. 13, pp. 3-5.) Accepting the allegations as true and construing them liberally, as the Court must, Plaintiff's allegations suggest that Probation Officer McElwain: (1) was aware of Plaintiff's prescribed medication treatment for his opioid addiction disease before Plaintiff's court hearing on June 9, 2022 before Judge Johnson; and (2)

nevertheless advised or otherwise recommended to Judge Johnson that Plaintiff be placed in the SAFP facility even though it did not provide Plaintiff's medication. *Id.* at 4-5.

A SAFP facility "provide[s] services to qualified offenders identified as needing substance use treatment." *Neal*, 2020 WL 5262529, at *1, n.1. "The trial court may … require as a condition of community supervision that the defendant serve a term of confinement and treatment in a [SAFP facility] if the court makes an affirmative finding that drug or alcohol abuse significantly contributed to the commission of the offense and the defendant is a suitable candidate for treatment." *McElyea v. State*, No. 10-19-00295-CR, 2020 WL 1429663, at *1 (Tex. App. – Waco Mar. 23, 2020, no pet.) (mem. op., not designated for publication).

Plaintiff's allegations, accepted as true, reflect that he has a substance abuse problem related to his opioid addiction and suggest that he is a suitable candidate for treatment in a substance abuse facility for a period of time. While Plaintiff is dissatisfied with being sent to a facility that apparently does not provide his specific medication, his allegations accepted as true fail to state an Eighth Amendment claim against Probation Officer McElwain in connection with her role in recommending that Plaintiff receive substance abuse treatment at a SAFP facility. At most, Probation Officer McElwain's failure to recommend Plaintiff be placed in a facility with the ability to prescribe Plaintiff's medication constitutes a negligent response to a substantial risk of harm to Plaintiff's health. Even so, mere negligence does not constitute deliberate indifference. *See Dyer*, 964 F.3d at 381.

> ### b. *Plaintiff does not offer any factual basis in support of his Fourth Amendment claim. That claim should therefore be dismissed.*

The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. The Fourth Amendment, therefore, "protects against government intrusion into areas

where people have reasonable expectations of privacy." *United States v. Beverly*, 943 F.3d 225, 232 (5th Cir. 2019) (citing, *inter alia*, *Smith v. Maryland*, 442 U.S. 735, 740 (1979)).  Plaintiff lists a Fourth Amendment claim against Probation Officer McElwain, but fails to offer any specific factual basis for that claim.  Accordingly, Plaintiff's Fourth Amendment claim is subject to dismissal as conclusory.

### c.  Additionally, Plaintiff fails to state a claim for "retaliation."

In his Original Complaint, Plaintiff claimed that Judge Johnson and Probation Officer McElwain "retaliated" against him for filing *Chapman I* by causing him to be sent to a SAFP facility that would not give him his prescribed medication.  (Doc. No. 1, pp. 3-4.)  In his Amended Complaint, Plaintiff listed "retaliation" as a claim against Judge Johnson but not as a claim against Probation Officer McElwain.  (Doc. No. 13, p. 3.)  It is therefore unclear whether Plaintiff intended to abandon his retaliation claim against Probation Officer McElwain or inadvertently failed to include such claim in his Amended Complaint.  However, in an abundance of caution, the undersigned will consider whether Plaintiff has stated a retaliation claim against Probation Officer McElwain.

"Retaliation" is not expressly referenced in the Constitution; however, it is nonetheless actionable because retaliatory actions may tend to chill an individual's exercise of constitutional rights.  *See Perry v. Sindermann*, 408 U.S. 593, 597 (1972).  Retaliation is actionable only if the retaliatory act "'is capable of deterring a person of ordinary firmness from further exercising his constitutional rights.'"  *Bibbs v. Early*, 541 F.3d 267, 270 (5th Cir. 2008) (quoting *Morris v. Powell*, 449 F.3d 682, 686 (5th Cir. 2006)).

The purpose of allowing retaliation claims under § 1983 is to ensure that prisoners are not unduly discouraged from exercising their constitutional rights.  *Morris*, 449 F.3d at 686.  Thus,

"[a] prison official may not retaliate against or harass an inmate for exercising the right of access to the courts, or for complaining to a supervisor about a guard's misconduct." *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir. 1995) (citations omitted). "Filing grievances and otherwise complaining about the conduct of correctional officers through proper channels are constitutionally protected activities, and prison officials may not retaliate against inmates for engaging in such protected activities." *Reese v. Skinner*, 322 F. App'x 381, 383 (5th Cir. 2009) (*per curiam*) (citing *Morris*, 449 F.3d at 684).

The Fifth Circuit has emphasized that "prisoners' claims of retaliation are regarded with skepticism and are carefully scrutinized by the courts." *Adeleke v. Fleckenstein*, 385 F. App'x 386, 387 (5th Cir. 2010) (*per curiam*) (citing *Woods*, 60 F.3d at 1166). In addition, the Fifth Circuit has concluded that some acts, even though they may be motivated by retaliatory intent, are so *de minimis* that they would not deter the ordinary person from further exercise of his rights. *Morris*, 449 F.3d at 686. Such acts do not rise to the level of constitutional violations and cannot form the basis of a § 1983 claim. *Id.*

To state a valid § 1983 claim for retaliation, "a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *Jones*, 188 F.3d at 324-25 (citing *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998)). An inmate must allege more than his personal belief that he is the victim of retaliation. *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997), *cert. denied*, 522 U.S. 995 (1997) (citations omitted). "Mere conclusionary allegations of retaliation will not be enough to withstand a proper motion for dismissal of the claim." *Jones*, 188 F.3d at 325 (citing *Woods*, 60 F.3d at 1166). The inmate must produce direct evidence of motivation or a chronology of events from which retaliation may be inferred. *Id.* In

other words, a successful claim of retaliation requires a showing that, but for some retaliatory motive, the complained of adverse incident would not have occurred. *Woods*, 60 F.3d at 1166.

In the Order directing Plaintiff to file an amended complaint, the undersigned noted that Plaintiff had provided conclusory allegations of retaliation in his Original Complaint. (Doc. No. 11, p. 2.) Plaintiff provides no additional specific facts in his Amended Complaint referencing *Chapman I* or otherwise suggesting that Probation Officer McElwain acted with retaliatory intent.

Plaintiff's allegations, accepted as true and construed liberally, *see Oliver*, 276 F.3d at 740, merely reflect his personal belief that he was the victim of retaliation and does not specify facts setting forth a chronological series of events from which retaliation can be inferred. At best, Plaintiff's allegations suggest a temporal proximity between the time Plaintiff filed *Chapman I* and Probation Officer McElwain's actions with regard to Plaintiff's placement in a SAFP facility. Such temporal proximity alone, however, is insufficient to state "but for" causation in a retaliation claim. *Reese*, 322 F. App'x at 383.

Plaintiff's retaliation claim is cast into additional doubt by the uncertainty of whether Defendants knew on June 9, 2022, the date that the alleged retaliation occurred, that Plaintiff had filed *Chapman I*. Plaintiff claims that Defendants retaliated against him for filing *Chapman I* by causing him to be sent to a SAFP facility on June 9, 2022. Plaintiff, however, filed *Chapman I* only on May 27, 2022,[5] and the Court did not order service of process on the defendants in *Chapman I* until August 23, 2022 – long after the alleged retaliation supposedly occurred. *See Chapman I*, No. 2:22-cv-117, Doc. Nos. 1, 17. Plaintiff has provided no evidence that he notified any of the *Chapman I* defendants in any other way of his lawsuit against them; thus, the

---

[5] Plaintiff mailed his *Chapman I* lawsuit to the Court for filing on May 25, 2022. *See Chapman I*, Doc. No. 1-1.

only record evidence that Defendants might know of Plaintiff's lawsuit in *Chapman I* is the service of court-ordered process in that case (which, even as of this writing, has not yet been returned executed).  Defendants' lack of formal notice of the *Chapman I* action on June 9, and the absence of any indication that Defendants were otherwise aware of *Chapman I*, raises significant doubt regarding whether Defendants even knew that Plaintiff had filed *Chapman I*. Plaintiff thus fails to make the necessary showing of causation, as well as the necessary showing that Defendants intended to act in retaliation for Plaintiff's filing of *Chapman I*.  Plaintiff's retaliation claim is therefore subject to dismissal.  *Cf. Manning v. Chevron Chem. Co. LLC*, 332 F.3d 874, 883 n. 6 (5th Cir. 2003) (if decisionmakers were completely unaware of plaintiff's protected activity, then it could not be said that decisionmakers might have been retaliating against plaintiff for having engaged in that activity).

### E.  Recommendation.

For the foregoing reasons, the undersigned recommends that: (1) Plaintiff's claims seeking monetary and injunctive relief against **156th District Court Judge Johnson** in his individual and official capacities be **DISMISSED with prejudice** because he is entitled to absolute judicial immunity with respect to such claims; and (2) Plaintiff's claims against **Bee County Adult Probation Officer Connie McElwain** in her individual and official capacities be **DISMISSED with prejudice** as frivolous and/or for failure to state a claim.  The undersigned further recommends that this dismissal count as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g), and that the Clerk of Court be **INSTRUCTED** to send notice of this dismissal to the Manager of the Three Strikes List for the Southern District of Texas at

Three_Strikes@txs.uscourts.gov.

**F. Notice.**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **14 days** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **14 days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

SIGNED on September 1, 2022.

MITCHEL NEUROCK
United States Magistrate Judge